**CV-10 2595**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER DICKMAN,

                Plaintiff,

       -against-                       **COMPLAINT**

VERIZON COMMUNICATIONS INC.
D/B/A VERIZON WIRELESS,

                Defendant.
------------------------------------------------------------X

**HURLEY, J.**

**WALL, M.J.**

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 8 2010 ★
LONG ISLAND OFFICE

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Verizon Wireless, alleges as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 *et seq.*) the New York Fair Credit Reporting Act ("NYFCRA") (General Business Law Art. 25 §§ 349 *et seq.*).

### PARTIES

2. Plaintiff is a natural person residing in Queens County, New York.

3. Upon information and belief, Defendant is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681 *et seq.*

### JURISDICTION

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §§ 1681p. Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b).



## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to Defendant.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to a debt collector and reported to various credit agencies, including the three major credit bureaus (Experian, Equifax and TransUnion).

8. That on or about June 16, 2006, Plaintiff closed his account with Defendant *(xxx-xxx-xxx-076-175)* and received a final statement indicating that, at the time of receipt of final payment, Plaintiff was owed a *credit* of *$33.63*.

9. That, upon information and belief, Plaintiff did not have any other accounts with the Defendant other than the aforementioned account ending in 076-175.

10. That on or about February 14, 2008, Plaintiff noted that his credit report from Equifax showed his FICO score had been significantly lowered due in part to a *"serious delinquency (60 days past due or greater) or a derogatory description"* and that the only negative account on the report is the alleged past due balance of *"$200"* from the Defendant, in which the date of major delinquency is described as *"12/2006"*, six months after Plaintiff's account with Defendant was closed.

11. That on or about March 7, 2008, Plaintiff began receiving dunning notices from various collection agencies, namely AFNI, Inc., KCA Financial Services, Inc. And CBCS, in an attempt to collect the alleged debt, all containing an account number, provided by Defendant, which does not reflect Plaintiff's true account number prior to closing the account in good standing in June of 2006.

12. That on or about July 8, 2008, Plaintiff disputed with Defendant, in writing, the adverse account being reported on his credit by Defendant and requested removal of said adverse reporting.

13. That Defendant never provided proof of alleged delinquent account nor responded to Plaintiff's request to remove and/or correct said item from Plaintiff's credit report.

14. That on or about July 8, 2008, Plaintiff also sent letters to the three major credit bureaus, Equifax, Experian and TransUnion, disputing the negative account listed on his credit report by Defendant.

15. That on or about July 16, 2008, Plaintiff began to receive letters from TransUnion and Equifax in response to his dispute of the negative mark, which state that the original creditor has been contacted and the item is *"verified"* as to the Plaintiff's account, and state that the creditor is *"Verizon New York, Inc.",* listing an erroneous account number with Defendant.

16. That in addition to disputing the alleged unpaid balance with Defendants, on several occasions, Plaintiff also disputed the alleged debt in writing, with each of several collection agencies representing the Defendant, and requested some form of validation of the debt.

17. That each such collection agency simply passed the alleged debt back to Defendant who then reassigned it to another collection agency in attempt to revive the balance, continuing the cycle of erroneous reporting and ineffectual investigation efforts.

18. That from on or about July 18, 2008 to the present, Plaintiff's credit reports from the three major credit bureaus continue to indicate an *"adverse account"* from Defendant with an unpaid balance of *"$200"* marked after Plaintiff closed his account, and is the only negative or adverse item listed on Plaintiff's nearly immaculate credit history.

19. That the Defendant permitted and caused the wrongful reporting to occur to the Plaintiff for over two and a half years, and never demonstrated proof of the alleged delinquent account or unpaid balance, despite several requests to do so.

20. That, Defendant violated FCRA § 1681s-2(a) by furnishing inaccurate information relating to the Plaintiff to the credit reporting agencies and failing to delete inaccurate information as required by FCRA § 1681s-2(b).

21. As a result of this conduct, action and inaction of Verizon Wireless, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

22. Verizon Wireless's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

23. The Plaintiff is entitled to recover costs and attorney's fees from Verizon Wireless in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### SECOND CLAIM FOR RELIEF

24. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25. The conduct, acts and/or omissions of the defendant, Verizon Wireless, as set forth above, constitutes deceptive business practices in violation of New York General Business Law §349. Specifically, Defendant failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning the Plaintiff.

26. As a direct and proximate result of such conduct, the Plaintiff has suffered damage in an amount to be determined by the trier of fact.

27. The Defendant's conduct was willful. As a result, the Plaintiff is entitled to additional damages in the amount of ONE THOUSAND DOLLARS ($1,000.00) per violation of law and he may recover therefore pursuant to GBL §349 *et seq*.

28. That Plaintiff is entitled to actual damages resulting from Defendant's conduct pursuant to GBL §349 *et seq*.

29. The Plaintiff shall be entitled to an award of attorney's fees pursuant to GBL §349 *et seq*.

### THIRD CLAIM FOR RELIEF

30. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. Verizon Wireless breached a contract with the Plaintiff by publishing false information and/or failing to accurately verify, report and update inaccurate information it published to the three major credit bureaus.

**WHEREFORE**, Your Plaintiff demands judgement for statutory, actual, compensatory and punitive damages against Defendants for her attorneys fees and costs; for pre-judgment and post-judgement interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Dated: May 27, 2010
New York, New York

Amir J. Goldstein (AG-2888)
Attorney for the Plaintiff
166 Mercer St., Suite 3A
New York, New York 10012
212.966.5253
866.288.9194 fax

Plaintiff requests trial by jury on all issues so triable

Amir J. Goldstein (AG-2888)