# AMIR J. GOLDSTEIN, ESQ.
ATTORNEY AT LAW

166 Mercer Street, Suite 3A
New York, New York 10012
Tel: (212) 966-5253  Fax: (866) 288-9194
ajg@consumercounselgroup.com

October 25, 2012

<u>Via ECF Only</u>
The Honorable Magistrate Judge
Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 10007

     *RE: Dickman v. Verizon Communications, Inc., 10 CV 2595 (DRH) (WDW )*

Dear Honorable Judge Brown:

     I am Plaintiff's Counsel in the matter above captioned and am writing this letter with regard to the Court Order entered today requiring that a Stipulation to Dismiss be filed by November 2, 2012.

     On or about October 10, 2012, the parties agreed to settle this matter in principal, whereby Defendants agreed to pay a sum certain, and delete the account at issue and remove the tradeline which is the subject of this FCRA claim.

     Defendants were eager to file a Notice of Settlement forthwith with the Court, and on October 12, the terms of the agreement were confirmed in email correspondence between the parties. Within a couple days, Plaintiff's counsel promptly provided Defendants with a form settlement and release agreement for execution, and on October 22, Plaintiff further revised the agreement as per the requests of Defendants' Counsel.

     The proposed settlement agreement set November 10, 2012 as a control date for payment and deletion, so as to afford Defendants 30 days to complete their requirements under the original principal agreement, but also so that the Plaintiff would not continue to suffer additional damages *ex post facto*.

As of today, Defendants' Counsel has not indicated that his clients have "approved the language" in the settlement agreement, and it is not clear whether Defendants' contact has even reviewed the settlement agreement. Defendants insist that they have an additional 21 days from after they choose "to execute" an agreement with which to comply with the settlement terms, and indicate that they will only execute same after they have a chance to review and possibly make further revisions and changes, but will not honor any date certain for their time to actually complete their review of the settlement agreement, effectuate deletion of the tradeline, or deliver the settlement funds in accordance with the agreement of October 10, 2012.

Accordingly, although it would be in Plaintiff's interest to be able to comply with the Court's deadline, Plaintiff will be unable to file a Stipulation of Dismissal by November 2, 2012, and respectfully requests that the Court extend the time to file the Dismissal, so as to afford Defendants an opportunity and reasonable time frame to comply with settlement terms.

Defendants' Counsel has suggested an additional 30 days from November 2, 2012, the deadline currently set by the Court. Plaintiff suggests November 17, 2012 which is an additional seven (7) days from the originally set deadline and 37 days from the date of the original settlement agreement between the parties.

Alternatively, Plaintiff respectfully recommends that the Court dismiss the case today, with the right to re-open until November 17, 2012 pending consummation of the settlement. And if Plaintiff is required to move to re-open the case on or by November 17, 2012, additional fees and costs may be requested.

The Court's consideration with this matter is greatly appreciated.

Very truly yours,

S/Amir J. Goldstein
Amir J. Goldstein

CC:   Via Electronic Mail/ECF:
      Wendy Tobias, ESQ., wtobias@cullenanddykman.com
      Kevin Walsh, ESQ., kwalsh@cullenanddykman.com
      Attorneys for Defendant